```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


JOHN SHORES, NEXT FRIEND      )
OF KATY SHORES, A MINOR,      )
                              )
          Plaintiff,          )
v.                            )      CIVIL ACTION NO. 04-1325
                              )
STAFFORD COUNTY SCHOOL        )
BOARD, et al.,                )
                              )
          Defendants.         )
```

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  This case concerns the sexual harassment of a female student by her male classmates and the actions taken by school authorities at Brooke Point High School which operates under authority of Stafford County School Board.  The issues before the Court are: (1) whether Defendants had actual knowledge of the sexual harassment experienced by Katy and were deliberately indifferent to Katy's suffering; and (2) whether Defendants deprived Katy of her constitutional and federally protected rights to bodily integrity and to be free from gender discrimination.  Plaintiff filed the Complaint on November 1, 2004.  On February 23, 2005, the Court granted Defendants' Motion to Dismiss with prejudice.

## I. BACKGROUND

Plaintiff alleges that between January 9, 2004 and March 8, 2004, Katy Shores, a ninth grade student was sexually harassed by two male students in her science class at Brooke Point High School. The two male students, Schwartz and Taylor, constantly made offensive remarks and unwelcome sexual advances towards Katy during this time period. During the week of January 12 through January 17, 2004, Katy's older sister, Bethany, told Katy's teacher, Dr. Linda Thienemann, that Katy was being sexually harassed by Schwartz and Taylor, but Thienemann took no action in response to this complaint. On January 20, 2004, Katy, herself, reported the harassment to Thienemann, who allowed Katy to change her seat assignment. However, after this complaint, Taylor and Schwartz also took seats in the same area as Katy and continued to harass her. Thienemann took no other action to stop the harassment at this time.

Between January 9, 2004 and February 6, 2004, Katy became seriously depressed and anorexic due to the harassment. She became suicidal and began cutting herself. On February 6, 2004, Katy filed a formal complaint of sexual harassment with Guidance Counselor Mariela Bridges. Bridges took no other action to assist Katy. On or about February 6, 2004, a copy of Katy's complaint was sent to the Sheriff's office. Although school policy required that a copy of Katy's complaint also be sent to the Stafford County Superintendent of Schools, a copy of the

complaint was not sent to the Superintendent at that time. As a result of the complaint, one of the boys who harassed her, Schwartz, was suspended. No action as taken against Taylor, the other boy. The boys continued to harass Katy. On March 8, 2004, Katy was removed from school and taken to Snowden at Fredericksburg/Mary Washington Hospital for treatment for suicidal depression, post-traumatic stress disorder, and anorexia. She received outpatient treatment at Snowden between March 9,2004 and April 20, 2004.

On May 9, 2004, Katy's father (Mr. Shores) sent a letter to the Superintendent of Schools for Stafford County (Dr. Jean S. Murray), in which he complained about the school system's failure to take action to address Katy's complaint. When Mr. Shores called the Superintendent, Dr. Murray, on March 12, 2004, Dr. Murray told Shores that Katy's situation was "not her issue" and that she did not want to discuss the facts of the case and that Mr. Shores would have to speak to the Brooke Point High School Principal Cynthia Holder instead. On March 18, 2004, Mr. And Mrs. Shores met with Principal Holder and Mariela Bridges. One of the boys, Taylor, was suspended for three days, but Plaintiff contends that this did little to ameliorate the situation since the mental and emotional damage to Katy had already occurred.

Katy returned to Brooke Point High School on a half a day schedule on April 20, 2004. The harassment by Schwartz and Taylor continued to take place in the hallways between April 20

and April 29, 2004.  Katy left Brooke Point High School permanently on April 29, 2004 and began to receive instruction at home either through the Stafford County Home Bound program or home schooling.

Plaintiff filed Complaint on November 1, 2004.  Plaintiff contends that Defendants are liable for the mental and emotional distress which Katy has experienced and continued to experience and for her medical bills, future medical bills and current and future educational costs because they were deliberately indifferent to the harassment which she experienced and because they failed to promptly take any effective action to aid Katy and to prevent the harassment.  On or about December 16, 2004, Defendant filed a motion to dismiss Plaintiff's Complaint.

## II. DISCUSSION

**A.   Standard of Review**

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of the plaintiff's claim that would entitle the plaintiff to relief.  FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley*, 355 U.S. at 47.

**B.   Analysis**

The Court holds that Defendants' motion to dismiss is granted because: 1) Defendants have no liability for the sexual harassment which Katy Shores experienced pursuant 42 U.S.C. § 1983 based on a bodily integrity claim because they did not perpetrate the acts of harassment and there is no special relationship between Katy and Defendants; 2) Defendants have no liability under an equal protection claim based on 42 U.S.C. § 1983 because they were not deliberately indifferent; 3) there is no evidence that the § 1983 violations resulted from a custom, policy, or practice of the Stafford County School Board; 4) the individual defendants can have no liability under Title IX because they are not the recipients of federal funding; and 5) the individual defendants can not be held liable in their official capacities because their actions were not deliberately indifferent.

5

**     1.    42 U.S.C. § 1983**

Under § 1983, Plaintiff alleges two grounds for Defendants' liability : (1) violation of the plaintiff's right to bodily integrity under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States; and (2) her right to be free from gender discrimination under the Equal Protection Clause.  *See* Complaint at ¶ 27.

**     A.    Right to Bodily Integrity**

The Court grants Defendants' Motion to Dismiss because Plaintiff did not allege that teachers harassed her and state actors are not liable under § 1983 if they did not perform the conduct that resulted in the alleged violation of the plaintiff's rights.  *Stevenson v. Martin County Bd of Educ.*,  93 F. Supp. 2d 644 (E.D.N.C. 1999) *affirmed* 3 Fed. Appx. 25, 31, 2001 WL 98358 (4th Cir. 2001).  In *Stevenson,* the plaintiff was beaten and harassed by classmates while at school over the course of several weeks.  *Id.* at 2.  The classmates repeatedly hit the plaintiff, punched and kicked him in the head, throat, chest, arms, and legs, chased him in the hallway, knocked him to the floor, punched, and assaulted him at lunch.  *Id.*  At one point the plaintiff asked a teacher for help and she responded, "there isn't anything I can do...you probably deserved it anyway."  *Id.*

Similar to the case at hand, in *Stevenson,* the plaintiff recognized that the defendants did not completely ignore his complaints, but their responses were delayed and ineffective. *Id.* at 28. The defendants in *Stevenson* suspended the aggressors, similar to the defendants in the present case. *Id.* at 32. In *Stevenson*, the Fourth Circuit Court of Appeals affirmed the trial court's ruling to grant the defendants' motion to dismiss the plaintiff's § 1983 claim because state actors are not liable under § 1983 if they did not perform the conduct that resulted in the alleged violation of the plaintiff's rights. Because Defendant Stafford County School Board did not perform the conduct that resulted in the alleged violation of Plaintiff Katy Shore's rights, they are not liable under § 1983, therefore, the Court grants Defendant's motion to dismiss.

*1.   Special Relationship Exception*

The Court grants Defendant's Motion to Dismiss because Plaintiff does not satisfy the special relationship exception for her § 1983 claim. "A State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 197 (1989). One recognized exception is when the individual and state have a special relationship, whereby the "state has an affirmative duty to protect the individual from harm inflicted by third parties."

7

*Stevenson,* 3 Fed. Appx. at 25, 30.  The Supreme Court defines a "special relationship" as:

> [W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs –e.g., food, clothing, shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by ... the Due Process Clause...

*Stevenson*, 3 Fed. Appx. at 30. Several circuits have discussed whether a school-student relationship constitutes a special relationship which warrants the Due Process Clause protections.  Uniformly, the courts have held that a school-student relationship does not constitute a special relationship "because the student is not in physical custody and, along with parental help, is able to care for his basic human needs."  *Id.* at 31.  More specifically, the Fourth Circuit has held that "incarceration, institutionalization, or the like is needed to trigger the affirmative duty" of the Due Process Clause."  *Pinder v. Johnson*, 54 F.3d 1169, 1175 (4th Cir. 1995) (en banc) (citing *Deshaney* at 31).  A student's required attendance at school does not rise to the level of incarceration or institutionalization. *Stevenson*, 3 Fed. Appx. at 30-31;  *See BMH v. School Board of City of Chesapeake*, 833 F. Supp. 560, 570 (E.D.Va. 1993).  The Fifth Circuit stated that "we decline to hold that compulsory attendance laws alone create a special relationship giving rise to a constitutionally rooted duty of school officials to protect

8

students from private actors." *Doe v. Hillsboro Indep. Sch. Dist.,* 113 F.3d 1412, 1415 (5th Cir. 1997)(en banc).

Although Katy is required by law to attend school, "the state has not assumed total responsibility for the student's care." *Stevenson*, 3 Fed. Appx. at 31.  Katy's parents retain the ability to provide for her basic needs and she can seek their help and protection.  *Id.; See D.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1372 (3d Cir. 1992)(en banc).  The fact that the state maintains a public school system does not render the state constitutionally liable for all acts of violence between students.  *Id.*  Although school officials could have taken more effective or timely measures to prevent the sexual harassment, they have not committed a constitutional violation.  The Court finds that Plaintiff fails to satisfy the special relationship exception of § 1983.

### 2. *State-Created Danger Exception*

The Court grants Defendant's motion to dismiss because Plaintiff also fails to satisfy the state-created danger exception of § 1983.  A state is not liable for acts conducted by third parties, "the state has to take some affirmative steps" to constitute State-created danger.  *Stevenson, 3 Fed. Appx.* at 31; *Deshaney*, 489 U.S. at 201.  Deliberate indifference is a very high standard to meet.  *Grayson v. Peed*, 195 F.3d 692, 695 (4th

Cir. 1999). "Liability does not arise when the state stands by and does nothing in the face of danger." *Stevenson, 3 Fed. Appx.* at 31. Failing to protect a an individual from danger caused by a third party does not implicate the state in the harm. *Stevenson, 3 Fed. Appx.* at 31; *see Pinder*, 54 F.3d at 1175. The Fourth Circuit held that "[a]ctions that in hindsight are unfortunate or even imprudent will not suffice." *See Baynard v. Malone*, 268 F.3d 228, 236 (4th Cir. 2001). The Court has held that the school's conduct must be so intentional or reckless that it shocks the conscience of federal judges. *Stevenson, 3 Fed. Appx. at 32.*

The Plaintiff fails to plead anything that shocks the conscience. Rather, the plaintiff concedes that Defendants responded to the complaints of harassments in a variety of steps. These measures included: (1) two suspensions were given based on the complained of misconduct by Katy's classmates; (2) Katy's teacher allowed her to change her seat in the class where she primarily experienced the harassment; (3) a formal complaint given to the school's guidance counselor was transmitted to the police; and (4) school officials successfully stopped the harassment in the classroom. *See* Complaint at ¶¶ 9, 11, 13, and 14. Although Plaintiff alleges that the conduct continued in the hallways, the school is not liable for these acts committed by a third party and such conduct does not implicate the state. The

Court concludes that the plaintiff does not satisfy the state-created danger exception for her § 1983 claim.

### B.     Equal Protection Clause

The Court grants Defendant's Motion to Dismiss because Plaintiff does not satisfy the requirements for an Equal Protection Clause violation.  To satisfy the requirements of a § 1983 claim for violation of the Equal Protection Clause, the Plaintiff must plead facts sufficient to prove the individual defendants had actual knowledge of the harassment and they were deliberately indifferent to it.  Plaintiff offers conclusory statements that Defendants knew of and failed to respond to complaints of harassment, but Plaintiff does not plead sufficient facts to show Defendants had actual knowledge and were deliberately indifferent.  The Court finds the plaintiff fails to satisfy the standard for a § 1983 violation of the Equal Protection Clause.

### C.     School Board is Not Liable Under § 1983

The Court finds that the school board cannot be held vicariously liable under § 1983 based on a *respondeat superior* theory of liability.  The Court "has consistently refused to hold [school boards] liable under a theory of *respondeat superior*." *See Board of County Commissioners of Byran County v. Brown*, 520 U.S. 397, 403; *see Oklahoma City v. Tuttle*, 471 U.S. 808, 818


(1985).  The school board can only be held liable under § 1983 when the injury is caused by the execution of the municipality's custom or policy.  *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987).

Plaintiff does not allege that Defendants' policies or lack of training by the School Board resulted in the injury to the plaintiff.  The Complaint's references to the School Board policies do not assert that the execution of the policies resulted in the plaintiff's injuries.  Rather, the plaintiff asserts that the policies of the School Board were not followed and Plaintiff references the policies in assertion of the special relationship to support a § 1983 claim.  *See* Complaint at ¶¶ 11, 18, and 29.  The Court concludes that Plaintiff fails to state a claim against the School Board under § 1983.

**2.  Title IX Claim**

**A.  Individual Capacity**

The Court dismisses Plaintiff's Title IX count because only an entity requiring federal funding can be held liable.  20 U.S.C. § 1681.  The statute states that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance...

20 U.S.C. § 1681(a).  In the present case, only the School

Board in its official capacity receives federal assistance under § 1681. In a similar case, *Bracey v. Buchanan,* the Court granted a motion to dismiss a Title IX claim against a college provost in his individual capacity because "[i]t is impossible to bring a title IX action against an individual." 55 F.Supp.2d 416, 419 (E.D.Va. 1999). Therefore, the Court dismisses Plaintiff's Title IX claim against the School Board because such a claim cannot be brought against an individual.

### B.   Official Capacity

The Court dismisses Plaintiff's Title IX claim against the defendants in their respective official capacities because the Complaint does not allege that Defendants were deliberately indifferent to the alleged harassment. Rather, Plaintiff recognizes that Defendants responded, but asserts that such efforts were not sufficient. *See* Complaint at ¶¶ 9, 11, 13, and 14. Plaintiff concedes that Defendants took a number of steps to address the harassment including : (1) two suspensions were given based on the complained of misconduct by Plaintiff's classmates; (2) Plaintiff was allowed to change her seat in the class where she alleges that the harassment primarily occurred; (3) a formal complaint given to her guidance counselor was provided to the police; and (4) school officials ended the harassment in the classroom, although Plaintiff alleges that it continued in the hallways. *See* Complaint at ¶¶ 9, 11, 13, 14. Plaintiff pleads

facts that are not sufficient to establish the deliberate indifference element to support liability under Title IX. Therefore, the Court dismisses the Title IX claim against Defendants in their official capacities.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED with prejudice.

The Clerk is directed to forward a copy of this Order to counsel of record.

_____ENTERED this __25th_____ day of August, 2005.

_____/s/_____
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
08/25/05